## IN THE COURT OF APPEALS OF IOWA

No. 15-1370
Filed May 25, 2016

IN RE THE MARRIAGE OF MELISSA MCCOY GARTNER
AND HEATHER MARTIN GARTNER

Upon the Petition of
**MELISSA MCCOY GARTNER,**
        Petitioner-Appellee,

**And Concerning**
**HEATHER MARTIN GARTNER,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.


        A parent challenges the district court's modification of physical care of the

parties' children. **AFFIRMED AND REMANDED.**


        Lora L. McCollom-Sinclair of McCollom Law Firm, P.L.L.C., West Des

Moines, for appellant.

        Anjela A. Shutts of Whitfield & Eddy, P.L.C., Des Moines, for appellee.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

Heather Martin Gartner and Melissa Gartner are the parents of two children. Heather appeals the ruling modifying the parties' dissolution decree to grant physical care to Melissa. Because the modification is in the best interests of the children, we affirm. Due to the parties' communication difficulties, we grant Heather's request for a remand for the determination of a parenting schedule.

**I.      Background Facts and Prior Proceedings**

Melissa and Heather, now in their forties, have lived in Des Moines for more than ten years. Melissa is a Des Moines native; Heather is originally from Minnesota. They married in June 2009, and at the time of the modification hearing, their son was eight and their daughter was five. The eight-year-old boy has been diagnosed with a mild form of Asperger's syndrome and as a result requires stable and predictable routines. Both children have developed significant relationships with their long-standing doctors and therapists.

Before the parties separated, the family regularly visited the Minnesota home of Heather's mother and stepfather. The parties discussed relocating to Minnesota, but Melissa was unwilling to leave central Iowa. Melissa's parents had frequent contact with the children, including overnight visits. The children have their own snacks, toys, and bedroom at the Des Moines grandparents' residence. The children have young cousins in both Iowa and Minnesota.

Heather works night shifts as a nurse in a Des Moines hospital. When Heather and Melissa separated, they agreed to sell the marital home in the Southeast Polk school district but to maintain the children's attendance there for the 2014-15 school year. Their son was in second grade and their daughter was

in prekindergarten. Heather moved to an apartment in Johnston, and her mother lived with her for three months to help with child care.

The parties stipulated to joint legal custody in an October 31, 2014 dissolution decree. The decree granted physical care to Heather, subject to liberal visitation with Melissa—every Wednesday overnight and every other weekend. The decree also provided:

> **d. Relocation.** In the event Heather relocates more than 50 miles from her current residence, she shall give Melissa no less than 180 days' notice of her intent to move. Following Heather's notice, the parties shall attend mediation. If mediation is not successful, a custody evaluation shall be conducted, with the costs shared equally by the parties. The purpose of the evaluation shall be to determine whether it is in the best interest of the children to relocate.

In November 2014, Melissa moved to her friend Jennifer Hirakawa's acreage near Winterset. In December 2014, Melissa and Jennifer became business partners. Melissa does office tasks and also works with horses while Jennifer boards and trains dogs, including service dogs. On their visits, the children enjoy the animals and playing outside. The children have a good relationship with Jennifer, consider her twenty-year-old daughter as a "sister," and enjoy spending time with the daughter's boyfriend. Melissa investigated a private school in Des Moines, which she believes would meet the needs of both children.

Heather gave Melissa notice of her intent to relocate to Minnesota in January 2015, less than three months after the decree. The parties attended an unsuccessful mediation in April 2015. Melissa then filed a petition to modify physical care, alleging the following changes in circumstances: (1) Heather

intends to move and it is in the children's best interests to remain in Iowa; (2) the "instability" demonstrated by Heather; and (3) Heather's "refusal to communicate with and discuss with Melissa issues related to the children, as required by joint legal custody." In Heather's answer, she denied a change had occurred because she had not yet moved. But Heather admitted, in the event she relocated, a change in circumstances would require modification of Melissa's parenting schedule. Heather "vehemently" denied any other changes had occurred, but argued "if said changes did occur, they do not warrant a modification" of physical care. Heather also denied "her relocation was not contemplated by the court at the time of entry of the decree." Heather requested a modification to "adjust [Melissa's] parenting schedule to accommodate [Heather's] relocation."

The court appointed a guardian ad litem (GAL) for the children and ordered her to prepare and submit a custody evaluation. The GAL reported both Melissa and Heather are good, loving parents; both have strong bonds with the children and want the best for them. The GAL recommended no change to physical care, reasoning the children were going to change residences and schools regardless of which parent had physical care.

The district court held a two-day hearing in July 2015. Heather testified she hoped to move the children to Minnesota in August, before school started in September 2015. Heather also testified if the court did not allow her to remove the children to Minnesota, she intended to remain in Iowa. Melissa testified she did not see Heather's proposed move as well-thought-out. She also shared her concern that their inability to communicate about the children would be exacerbated by the distance. Melissa told the court she would be interested in

"co-parenting counseling" with Heather to "figure out" how to "put everything else aside for the good of the kids." In addition to testimony from the parties, the court heard the testimony of the GAL, Heather's mother, Melissa's father, Jennifer, and Melissa's friend who hosted weekly gatherings. Heather sought modification of Melissa's parenting schedule due to Heather's relocation.

At the end of the evidence, the court asked for post-hearing submissions. In that filing, Heather requested alternative relief for the first time: (1) if Heather and the children move to Minnesota, then the court should modify Melissa's parenting schedule; (2) if "the court does not authorize Heather to move with the children, she will remain in Iowa" and therefore, no change in circumstances has occurred, and the parenting schedule remains unchanged; and (3) if the court modifies the decree to grant Melissa physical care, the court should grant Heather "the same parenting schedule that Melissa currently enjoys."

On August 10, 2015, the district court issued a detailed ruling modifying the decree, effective August 15, 2015, when the parties' son enters fourth grade and their daughter starts kindergarten. In its fact findings, the court discussed the witnesses' testimony and found "the children are very close with Melissa's parents." The court also found the children have gone from shy to comfortable at weekly gatherings where a group of Melissa's friends support "one another like family." The court pointed out Heather planned to live with her mother and stepfather for at least one year while she pursued a bachelor of nursing degree, so that she would have help with childcare and transportation until finding a new job and a new residence. Heather anticipated earning a higher salary for her nursing skills in Minnesota.

The court noted each party testified to the other's failure to communicate. As to the GAL's view, the court found she "commented on the significant deterioration in the parties' relationship and, specifically, their inability to communicate about even the most mundane issues." While the GAL "did not assign blame to either party," she recommended the parties use "professional assistance" to address the communication issues. The court found: "[A]t trial, the animosity of Heather and her mother toward both Melissa and Melissa's parents was distinctly apparent to the court whereas the same could not be said of Melissa's feelings toward Heather and her parents."

In light of Heather's planned relocation, the court modified physical care to Melissa, emphasizing the children's strong ties to their community:

> [T]he children have lived their entire lives in the Des Moines area. They have significant and established relationships with their therapists, their pediatrician, teachers, coaches, friends, and family. More importantly, to move [the children] would probably mean that their regular contact with their parent, Melissa, would suffer to a degree.

The court also pointed out the lack of certainty in Heather's endeavor:

> Heather has no real plan regarding her move. She has no specific date for the move. While she testified that she anticipated that she would have no problem obtaining a job, the fact remains that she does not have one. She is not licensed in Minnesota as a nurse, which is required for employment . . . . She provided no specifics regarding furthering her education in Minnesota and admitted at trial that she could just as easily do so here in Des Moines.

The court expressed concern about the impact of the proposed move on the parties' children, particularly their son.

> [B]y both parties' testimony, [their son] struggles socially and has difficulty making friends. Heather's move to Minnesota would

necessitate two home moves and potentially two school moves. In contrast, should the children remain in Des Moines and attend [a private school,] fewer changes would be needed, as the children could attend the same school through eighth grade. The [GAL's] report indicated that [the children's therapist] felt the children had adjustment issues following their parent's divorce and their moves at that time. Two additional moves would likely lead to additional adjustment issues.

The court pointed out Heather "testified she desired to move to Minnesota because she had a supportive family there and because she felt isolated in Des Moines." The court stated, while "it is unable to conclude" Heather's intent in moving is "to undermine Melissa's relationship with the children, it is nonetheless compelled to conclude that Heather's proposed move is mostly about her" and less about the children's best interests.

The court recognized Melissa's heavy burden to justify a change in physical care and ruled she had met her burden: "[W]hile none of the court's aforementioned observations, concerns, and conclusions may individually justify changing" physical care, "collectively they do." The court ordered the "parties may have parenting time at such times as they agree," stating it is the children's best interests "to continue their relationship with Heather, despite her relocation, and time with Heather shall supersede extra-curricular activities and sports unless the parties agree otherwise." The court detailed a parenting schedule based on Heather relocating to Minnesota.

Heather filed two requests to stay the district court's order, both of which were denied by the supreme court. Heather now appeals.

**II.     Standard of Review**

We review modification proceedings de novo.  *See* Iowa R. App. P. 6.907. Although we decide the issues anew, we give weight to the factual findings of the district court, especially in regard to witness credibility.  *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013).  There is "good reason for us to pay very close attention" to the district court's assessment because appellate courts necessarily forfeit "the impression created by the demeanor of each and every witness as the testimony is presented."  *In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984); *see In re Marriage of Callahan*, 214 N.W.2d 133, 136 (Iowa 1974) (stating where both parents love the children and would endeavor to do well for them, the district court "is greatly helped in making a wise decision about the parties by listening to them and watching them in person").

**III.     Modification of Physical Care**

To modify physical care, Melissa must establish by a preponderance of evidence that the post-decree conditions "have so materially and substantially changed" that the children's best interest requires modification.  *See In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983).  Melissa must also "prove an ability to minister more effectively to the children's well-being."  *Id.* This heavy burden promotes stability in the lives of children with divorced parents.  *Id.*  The children's best interest is the "first consideration."  *Dale v. Pearson*, 555 N.W.2d 243, 245 (Iowa Ct. App. 1996).  Using the best-interest standard provides us with flexibility to consider unique issues on a case-by-case basis.  *In re Marriage of Hansen*, 733 N.W.2d 683, 696 (Iowa 2007).

In determining whether modification is warranted, the district court must consider all of the surrounding circumstances, including "the reason for removal, location, distance, comparative advantages and disadvantages of the new environment, impact on the children, and impact on the joint custodial and access rights of the other parent." *See Frederici*, 338 N.W.2d at 160.

**A. Change in Circumstances—Not Contemplated.** Melissa must prove a change in circumstances not contemplated by the district court when the decree was entered. *See id.* at 158. Heather contends the decree's relocation provision shows the district court contemplated Heather's move to Minnesota at the time of the decree's entry. But Heather cites no case where a notice-of-relocation provision was similarly interpreted. We are unwilling to conclude the inclusion of such a provision in a decree automatically causes the parent who is not moving to forfeit the right to challenge the removal of the children from Iowa based on the children's best interests.

**B. Change in Circumstances—Material and Substantial.** First, Heather points to her testimony that she would stay in Iowa if the court found it did not serve the best interests of the children to move. Based on this testimony, she claims the court should have ordered the parties to continue the decree's parenting arrangements because, without a relocation of the children, there is no change in circumstances.

We conclude Heather has failed to preserve error on this claim. While she requested this alternative relief in her post-hearing submission, the court's subsequent ruling concluded a *number of factors* joined to create a substantial change of circumstances. Heather did not ask the district court to enlarge or

amend its findings to address whether those factors, minus relocation, constituted a substantial change in circumstances. *See* Iowa R. Civ. P. 1.904(2); *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). We decline to conduct this analysis in the first instance.

Second, Heather contends Melissa has failed to prove a substantial change in circumstances even if Heather moves to Minnesota with the children. We disagree. The following concerns, considered jointly, show a material and substantial change in circumstances: (1) moving would decrease the children's contact with Melissa and her extended family in Iowa; (2) the children have strong relationships with numerous health care providers in Des Moines; (3) the parties' ability to communicate has deteriorated; (4) Heather and her mother demonstrate animosity towards Melissa; (5) Heather has demonstrated an inability to include Melissa in joint decisions; (6) the children have adjustment difficulties; and (7) the move to Minnesota will require the children to adjust to more changes in schools and residences. *See* Iowa Code § 598.21D (2013) (stating where a custodial parent is moving over one hundred fifty miles away, court may consider relocation as a substantial change in circumstances).

**C. Superior Care.** Heather also alleges Melissa failed to show she could provide superior care for to the children. We disagree. As the district court determined from hearing their live testimony, Melissa is committed to promoting Heather's continued involvement in the children's lives and will work to improve communication, while Heather's animosity toward Melissa stands as an impediment to her willingness to support Melissa's role as a parent. *See, e.g.*, *In re Marriage of Holst*, No. 02-0381, 2002 WL 31641452, at *2 (Iowa Ct. App. Nov.

25, 2002) ("[A] parent's willingness to encourage contact with the noncustodial parent is a critical factor in determining custody."). We also conclude, like the district court did, that Melissa can provide superior care because she plans to remain in the Des Moines area, requiring fewer adjustments for the children in friends, residences, schools, doctors, and therapists. This continuity is especially important for the parties' son, who thrives on consistency and predictability.

**D.** **Conclusion and Remand.** We affirm the modification of physical care. In this event, Heather asks us to remand for the district court "to establish an appropriate parenting schedule" because she will remain in Iowa. The district court stated in the modification order that the parties could "have parenting time at such times as they agree." But because the parties have found it difficult to effectively communicate, we conclude it is in the best interests of the children to remand for the district court to set a visitation schedule taking into consideration Heather's decision not to relocate. We do not retain jurisdiction.

## VI. Appellate Attorney Fees

Heather seeks appellate attorney fees. These fees are not a matter of right, but rest in our discretion. *See In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). We consider the parties' financial conditions and the relative merits of the appeal. *Id.* Although Melissa has a greater ability to pay, she successfully defended the modification on appeal, including resisting Heather's two stay requests. We decline to award Heather appellate attorney fees.

Costs shall be assessed equally between the parties.

**AFFIRMED AND REMANDED.**